CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# UNITED STATES DISTRICT COURT 2011 NOV 17 PM 3:03
## FOR THE NORTHERN DISTRICT OF TEXAS

DEPUTY CLERK_____NT_____

| | | |
|---|---|---|
| **MARIBEL ARELLANO** | § | |
| | § | |
| Plaintiff/Petitioner | § | |
| | § | CASE NO: |
| | § | |
| V. | § | **3-11CV3058-P** |
| | § | |
| **NURIA T. PRENDES**, ICE/ERO | § | |
| DIRECTOR DALLAS FIELD OFFICE, | § | |
| **KELEI WALKER,** IMMIGRATION | § | **COMPLAINT FOR** |
| ENFORCEMENT AGENT, | § | **INJUNCTIVE AND** |
| ALTERNATIVE TO DETENTION, | § | **DECLATORY RELIEF** |
| DALLAS FIELD OFFICE | § | |
| | § | |
| | § | |
| In their official capacities, | § | |
| | § | |
| | § | |
| **BI Incorporated,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants/Respondents | § | |

## STATEMENT OF THE CASE

1. This case presents a challenge to the U.S. Immigration and Customs

Enforcement's (ICE'S) assertion of authority to place ankle bracelets on individuals with

final orders of deportation while under supervision in the United States. It is ICE'S

practice to place ankle bracelets on certain individuals who have final orders of departure

to depart the United States. Defendant BI Incorporated is a third party contractor

provides case management of Intensive Supervision Appearance Program (ISAP)

participants. BI Incorporated develops implements and coordinates case management

under a contract with ICE.

2.   In the instant case the use of this bracelet became a way to incarcerate Plaintiff/Petitioner without due process of law in violation of the Fourth Amendment of the U.S. Constitution.  The use of the ankle bracelet in this case was cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

3.   Plaintiff/Petitioner seeks on her behalf declaratory and injunctive relief under the Administrative Procedures Act, 5 U.S.C. §706(a).  Plaintiff/Petitioner also seeks relief under the Fourth and Eighth Amendments for the violation of her rights in this case.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States.

5.   This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

6.   This Court has authority to grant injunctive relief in this action pursuant to 5. U.S.C. § 702, and Rule 65 of the Federal Rules of Civil Procedure.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) (2) because a substantial part of the events and omissions giving rise to Plaintiff/Petitioner's claims occurred in this District.

8.   Venue is proper in this judicial district because the principal custodian of the Plaintiff/Petitioner (i.e., the individual under whose authority the ankle bracelet was placed on Plaintiff/Petitioner) is located in this District, such that this Court has jurisdiction over the Plaintiff/Petitioner's custodian.

## PARTIES

9.  Plaintiff/Petitioner is an individual who suffered injuries in this case because of ICE's practice of placing ankle bracelets on certain individuals who have final orders of deportation.  As mentioned earlier this practice in this case became cruel and unusual punishment and deprivation of liberty without due process.

10.  Plaintiff/Petitioner Maribel Arellano is a 37 year old individual who has lived in the United States since 1990 and has seven United States Citizen children that she is responsible for.  Plaintiff/Petitioner has a final order of deportation.  Plaintiff/Petitioner has been under a final order of deportation since 2008 and in February of 2011 ICE agents placed an ankle bracelet monitor on Plaintiff/Petitioner even though Plaintiff/Petitioner is not a flight risk, is not a security risk to the United States, and has no criminal record.  The ankle bracelet was placed on Plaintiff/Petitioner because ICE called Plaintiff/Petitioner's house and Plaintiff/Petitioner was not home at that time because she was at her mechanic's getting her car fixed.

14.  Defendant Nuria T. Prendes is the Field Office Director (FOD) of the ICE/ERO Dallas AOR Field Office, which has responsibility for the Northern District of Texas.  In her official capacity, FOD Prendes has ultimate responsibility for ICE actions out of the Dallas AOR.

15.  Defendant Kelei Walker is an Immigration Enforcement Agent, Alternative to Detention, out of the Dallas Field Office.  Defendant Kelie Walker directly supervised Plaintiff/Petitioner's case.

16.  Defendant BI Incorporated provides case management of Intensive Supervision Appearance Program (ISAP) participants.  BR Incorporated develops

implements and coordinates case management and individual service plans under a contract with ICE.

## FACTUAL ALLEGATIONS

17. Plaintiff/Petitioner is an individual who has lived in the United States since 1990 and has seven United States citizen children. Plaintiff/Petitioner was placed under a final order of deportation in 2008. Because Plaintiff/Petitioner was not a flight risk, not a security risk, and had no criminal record she was released on her own recognizance.

18. Plaintiff/Petitioner's supervision was uneventful until February of 2011. At this time ICE called Plaintiff/Petitioner's house and she was not there because she was at her mechanic's getting her car fixed. ICE agent Carlos Lazo became angry at Plaintiff/Petitioner and placed the ankle bracelet on her. The ankle bracelet should never have been placed on Plaintiff/Petitioner since she was still not a flight risk, still not a security risk, and still did not have a criminal record.

19. Plaintiff/Petitioner had a very rough time wearing the ankle bracelet. Plaintiff/Petitioner was ashamed of the bracelet and felt like she was a criminal. Plaintiff/Petitioner developed severe psychological problems as a result of wearing the ankle bracelet. Plaintiff/Petitioner was at Counsel's office and fell apart several times. Plaintiff/Petitioner also developed suicidal tendencies. Plaintiff/Petitioner asked that the ankle bracelet be removed temporarily so that she could go the baptism of her child and this request was denied. Plaintiff/Petitioner asked that the ankle bracelet be removed temporarily so that she could take her children swimming and this request was denied. Plaintiff/Petitioner did not seek medical treatment because she was ashamed of the ankle bracelet and thought that the doctor would think that she was a criminal.

20.   Plaintiff/Petitioner was treated very badly by ICE agent Carlos Lazo.  ICE agent Carlos Lazo told Plaintiff/Petitioner that she did not have any rights.  When this situation happened Plaintiff/Petitioner's youngest child was with her and cried loudly when ICE personnel screamed at his mother.

21.   Plaintiff/Petitioner was sent a Request for Evidence by ICE.  See Exhibit A. This Request for Evidence wanted Plaintiff/Petitioner to provide a plan for departure and passports for her U.S. citizen children.  The Request also wanted an affidavit of legal guardianship for her children if Plaintiff/Petitioner planned to leave the children in the U.S.

22.   Immigration advocate Ralph Isenberg answered this request in a letter sent to defendant Kelei Walker dated September 6, 2011.  See Exhibit B.  Mr. Isenberg argued that it was not feasible for Plaintiff/Petitioner's children to be taken to Mexico since Mexico is currently very violent and dangerous.  Plaintiff/Petitioner's former husband, who is the father of her four older children, committed serious crimes and fled the country.  The father of Plaintiff/Petitioner's other children suffered an industrial accident and lost a leg.  The only person capable of taking care of all 7 of Plaintiff/Petitioner's children is Plaintiff/Petitioner.

23.   The ankle bracelet was very traumatic for Plaintiff/Petitioner since she has virtually no support system.  Plaintiff/Petitioner was very traumatized by this situation, as were Plaintiff/Petitioner's children.

24.   Mr. Isenberg sent Paul Hunker III an e-mail dated September 9, 2011.   See Exhibit C.  This e-mail was not answered.

25. When Counsel was hired in the instant case Counsel had a very disturbing conversation with Defendant, Kelei Walker. When asked why Plaintiff/Petitioner had to wear an ankle bracelet, Ms. Walker replied that Plaintiff/Petitioner was not being cooperative because she had not submitted a plan of departure and had not gotten passports for her children. Ms. Walker said that if Plaintiff/Petitioner submitted a plan for departure and got passports for her children there was a possibility that the ankle bracelet would be removed. This made counsel very angry because it was an admission that Plaintiff/Petitioner's ankle bracelet was being used as a form of punishment.

26. Ms. Walker also said that it was ICE policy that everyone under a final order of deportation had to wear an ankle bracelet. This is simply not the case. Plaintiff/Petitioner was released on her own recognizance for almost three years. An ankle bracelet was not placed on Plaintiff/Petitioner until 2011 when ICE agents became angry because Plaintiff/Petitioner missed a phone call.

27. Ms. Walker also said that it would be possible for Plaintiff/Petitioner to move her kids to the Mexican border and have the children cross the border to visit Plaintiff/Petitioner. This is not a feasible solution to this problem and it is also not ICE's position to make these types of decisions.

28. Most disturbing of all is the fact that Ms. Walker threatened counsel with the deportation of Plaintiff/Petitioner if counsel helped Plaintiff/Petitioner assert her legal rights. Ms. Walked said that there was always an empty seat on the bus and Plaintiff/Petitioner could be deported at any time. This was a direct threat to counsel saying that if we pushed too hard asserting Plaintiff/Petitioner's rights Plaintiff/Petitioner would be immediately deported. As a result of this threat Counsel and Mr. Isenberg met

with the FBI to discuss this situation. An official complaint was filed on October 31,

2011. The threat of immediate departure remains real.

29. Counsel sent an e-mail to Paul Hunker discussing this case dated October 26,

2011. See Exhibit D. This e-mail said that if Plaintiff/Petitioner's ankle bracelet was not

removed we would be forced to file a lawsuit in Federal Court. Plaintiff/Petitioner's

ankle bracelet was removed shortly afterward. The fact that the ankle bracelet was

removed so quickly shows that the ankle bracelet should not have been placed on

Plaintiff/Petitioner in the first place.

30. Plaintiff/Petitioner's rights were violated in that she was not given documents

showing what her responsibilities were. Plaintiff/Petitioner was given an Order of

Release on Recognizance in 2008 but received no paper work when the ankle bracelet

was placed on her in February of 2011. Plaintiff/Petitioner also did not receive paper

work when her bracelet was recently removed. This makes it much more likely that

Plaintiff/Petitioner will make a mistake and suffer punishment because of the mistake.

31. On November 1, 2011 Counsel had another disturbing meeting with

Defendant Kelei Walker. Counsel had earlier brought up the fact that Plaintiff/Petitioner

was not given paper work by ICE when her ankle bracelet was placed or removed. As a

result of this conversation Defendant Walker faxed Counsel a copy of the 2008 Release

on Recognizance and requested a meeting to serve the appropriate Order of Supervision

(OSUP) paperwork in conjunction with Plaintiff/Petitioner's case status. See Exhibit E.

At the meeting in question Plaintiff/Petitioner was served with the current Order of

Supervision. See Exhibit F.

32. At the meeting in question Counsel notified Defendant Walker that we would be filing this lawsuit. Defendant Walker replied that she thought that ICE had the legal right to place ankle bracelets. She said that their job was to remove individuals from the country and the use of ankle bracelets was one way of encouraging individuals to leave the country.

33. The fact that Plaintiff/Petitioner had to wear the ankle bracelet in question meant that she was under house arrest four days of the month. Plaintiff/Petitioner was told by ICE that she would be called on a certain day of the week but she was not told which week or what time. This meant that Plaintiff/Petitioner could not leave her house on the days when she was expecting the ICE phone call. She was essentially under house arrest. In addition to this, Plaintiff/Petitioner had to recharge her ankle bracelet every day for two to three hours. This literally meant that Plaintiff/Petitioner was plugged into an electrical outlet during this time and could not move.

34. Defendant BI Incorporated is a contract company that provides case management of Intensive Supervision Appearance Program (ISAP) Participants. BI incorporated develops implements and coordinates case management and individual service plans for ISAP Program Participants. One of the problems in the instant case is that one is not sure if the rules imposed on Plaintiff/Petitioner were ICE rules or BI Incorporated rules.

## FIRST CLAIM FOR RELIEF

35. Plaintiff/Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34.

36. Defendants' use of the ankle bracelet in question caused Plaintiff/Petitioner significant prejudice by subjecting her to cruel and unusual punishment. The use of the ankle bracelet in question in this case caused Plaintiff/Petitioner significant pain and suffering by subjecting her to this situation. Defendants' use of the ankle bracelet exceeded their Constitutional authority to do so in violation of the Eighth Amendment. Plaintiff/Petitioner has no plain, adequate or complete remedy at law to address the wrongs described herein. The injunctive and declaratory relief sought by Plaintiff/Petitioner is necessary to prevent continued and future injury. The injunctive and declaratory relief is sought by Plaintiff/Petitioner is necessary so that the Court order Defendants to stop this behavior so that others will not be subject to the cruel and unusual punishment that Plaintiff/Petitioner had to endure.

## SECOND CLAIM FOR RELIEF

37. Plaintiff/Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36.

38. Defendants' use of the ankle bracelet in this case caused Plaintiff/Petitioner prejudice by unreasonable taking away, limiting and otherwise impacting their liberty without due process in violation of the Fifth Amendment. As a proximate cause of Defendants' regulations, policies, practices, acts, and omissions Plaintiff/Petitioner suffered an unreasonable deprivation of her liberty. Plaintiff/Petitioner has no plain, adequate or complete remedy at law to address the wrongs described herein. The injunctive and declaratory relief sought by Plaintiff/Petitioner is necessary to prevent continued and future injury. The injunctive and declaratory relief sought by

Plaintiff/Petitioner is necessary so that the Court order the Defendant's to stop this behavior so that others will not be deprived of their liberty as Plaintiff/Petitioner was.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Petitioner respectfully requests that the Court:

a. Issue a judgment declaring that Defendants' ankle bracelet regulations, policies, practices, acts, omissions described herein are unlawful and violated Plaintiff/Petitioner's rights under the Fifth Amendment to the United States Constitution;

b. Issue a judgment declaring that Defendants' ankle bracelet regulations, policies, practices, acts, omissions described herein are unlawful and violated Plaintiff/Petitioner's rights under the Eighth Amendment to the United States Constitution;

c. Permanently enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from subjecting Plaintiff/Petitioner to these statutory violations and unconstitutional interpretation and application of regulations, policies, practices, acts, omissions described herein, and issue injunctive relief sufficient to rectify these statutory and constitutional violations;

d. Grant such other relief as this Court deems just and proper.

Date: November 7, 2011

Respectfully submitted,

By: _____

ARTURO RODRIGUEZ III
Texas State Bar No.: 00791550
400 S. Zang Boulevard, Suite 1220
Dallas, Texas 75208
Telephone:    214-948-0500
Fax:               214-948-9300
ATTORNEY FOR PLAINTIFF/PETITIONER

### CERTIFICATE OF SERVICE

I certify that on this date a copy of this instrument was served by certified mail return receipt requested addressed to:

Department of Homeland Security
U.S. Immigration and Customs Enforcement
125 E. John Carpenter Freeway, Suite 300
Irving, Texas 75062

Date: _11-7-11_                      _____
                                            ARTURO RODRIGUEZ III

I certify that on this date a copy of this instrument was served through the Texas Secretary of State on:

BI Incorporated
8400 Lookout Road
Boulder, CO 80301

Date: _11-7-11_                      _____
                                            ARTURO RODRIGUEZ III

# EXHIBIT A





**U.S. Immigration and Customs Enforcement**

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
**Dallas Field Office**
8101 N. Stemmons Fwy
Dallas, TX 75247

Date of Request: 08/23/2011

A#: 073 693 759

<u>NAME AND ADDRESS OF PERSON WHICH INFORMATION IS BEING REQUEST</u>

> ARELLANO Jaimes, Maribel
> 1601 Senter Road
> Irving, Texas 75060

Atty: **Unknown**

## Request for Evidence

Your choice to live, work, begin a family while in an  unlawful      status within the United States, has placed this agency in the untenable position to make a decision to what is in the best interest of this country and public safety.  To that end you are requested to provide the following information:

[✓]  Provide detailed written explanation as to your plan of departure from the United States which must occur within one (1)      months.  This must include the plan for the care and custody of your United States citizen children and how you plan to depart the United States if you plan on taking your children with you.

[✓]  Provide a valid U.S. passport or travel document for your children if your plan on taking your children with you;

[✓]  Provide sworn affidavit of legal guardianship for your children if you plan leaving them in the United States;

[ ]  Other:

This information is to provided Duty Officer at the above address.

---

⇒ **Failure** to send the requested information within 10   **days may** result in further law enforcement action being taken against you.

---

[ ]  CHECK THIS BOX WHEN COPY MAILED TO ATTORNEY OR REPRESENTATIVE

# EXHIBIT B



# ISENBERG
## MANAGEMENT
### ASSOCIATES

September 6, 2011

*Via Courier*
Office of Enforcement and Removal Operations
**Attn: Kelei Walker, IEA**
U.S. Department of Homeland Security
Dallas Field Office
8101 N. Stemmons Fwy.
Dallas, Texas 75247

RE: Maribel Arellano
   A# 073 693 759

Ms. Walker:

My name is Ralph Isenberg. I am not an attorney at law. When contacted, I help families with
immigration issues when children are involved. The case of Maribel is very upsetting to me because
there are 7 children, all of whom are Citizens of the United States, being affected.

Maribel shared your "Request for Evidence" dated 08/23/2011 with me. I understand that Maribel has
an absolute obligation to the Government to get her affairs in order. I also know that making
arrangements for turning over the care of children to another party has got to be very traumatic. I
submit that Maribel is socially challenged by her lack of education and she is handicapped when it
comes to handling difficult matters. This handicap is very real and has a negative impact on her mental
health in my opinion. At the very least she needs more time and someone to guide her through the
process of getting her affairs in orders should she have to depart the United States.

Maribel does not have a plan for how her children will be cared for.  She does have a sister that could
care for the children but that sister has a family of her own and it is not reasonable to put that burden
on the sister. There are two men who fathered the children. The father of the older children has
committed grave crimes and is not qualified to care for his children. The other father suffered an
amputated leg in an industrial accident several years ago and cannot work. The person best qualified to
work and keep the family together is Maribel. The notion of taking the children to Mexico is not an
option. Current conditions in Mexico will only make a bad situation worse. These children are Citizens of
the United States and entitled to the various health, education and welfare programs our great Nation
provides.

I am currently in the process of helping Maribel submit an I-246 that asks ICE to exercise prosecutorial discretion for the benefit of the children and allow Maribel to remain in the United States. I have mixed feelings about making the request but feel so inclined because of the children. I believe the Morton memo and the recent directive of Secretary Napolitano justifies the matter of Maribel being given a fresh look. I am trying to find an attorney to help Maribel but have come up empty handed so far.

I am asking that ICE give Maribel 60 days from this date, to submit an I-246 for consideration by the Dallas Field Office. Candidly, if the children were the only consideration the I-246 could be ready in a few days. Unfortunately, the case of Maribel is clouded with other factors that makes documentation seem like a novel instead of detailed history of fact. I am open to any advice ICE may have in making the process easier.

Lastly, is the ankle bracelet really necessary? Maribel is not a security threat and in my opinion she would never take flight given the children. In the contrary, I know that the bracelet is very upsetting to her and I fear she will suffer post-traumatic stress disorder for years to follow as a result of being forced to wear the device. For the sake of the family, can we please take the bracelet off Maribel while we explore what relief maybe available to her under the new guidelines put forth by DHS in Washington? Thank you for your consideration of this matter.

Sincerely,

Ralph Isenberg, Advocate

CC:     Paul B. Hunker III, Chief Counsel
        U.S. Immigration and Customs Enforcement
        U.S. Department of Homeland Security
        125 E. John Carpenter Fwy., Ste. 500
        Irving, Texas 75062

        Nuria T. Prendes, Field Office Director
        Dallas Field Office
        8101 N. Stemmons Frwy
        Dallas, TX 75247

# EXHIBIT C



Subj:    **Maribel Needs Helps and So Do I ...................**
Date:    9/9/2011 5:09:59 P.M. Central Daylight Time
From:   Hamtx44@aol.com
To:     PAUL.HUNKER@DHS.GOV

Paul,

By now you should have gotten a copy of the letter I wrote to Kelei Walker. I remain none too happy about this situation for several reasons. First and foremost, I really don't want to be involved. This lady called me at 3am in the morning when I was in China. Her fourteen year old daughter ended up telling me what was going on. Imagine getting woken up to a hysterical lady and hearing nothing but kids crying in the background. It was impossible for me to just hang-up on call like that. I get to thank Steve Salazar for the call!

 I have sincerely tried to get this lady an attorney.  No one wants to touch her case. I can't even find an attorney that will take the case for money. This lady is a walking contradiction. I have yet to figure out which side of her to believe.  I had my associate verify that the children are Citizens of the United States. If she were not their mother I could easily wash my hands of the matter. But, she is the mother of seven children that all Citizens of the United States. Right, wrong or indifferent, how can I turn my back on these kids? I know taking them to Mexico is not an option for they would not be safe. I suppose somebody could call CPS and have them come and get the kids after Maribel is deported. I would hate to be the person making that call. We are not talking about foreign nationals but Citizens of the United States. Not even ICE should be so cold as to not have feelings in this matter (pun intended).

So what do I do? I have not called the press in. Really do not want to do that. I have not called DC and raised a stink. Really don't do not want to do that either.  I am willing to assist Maribel in presenting an I-246 that will be of her own making and not a "masterpiece of legal opinion". Why, because none is willing to help this lady and she really needs help.

As you know, I put together a remembrance each year on the anniversary of 911. I spoke to over a hundred school children this morning.  Most of these kids were not even alive when 911 took place. During my presentation we talked about the victims of 911. I made the statement that "we all were victims and continue to be victims of 911".Our current immigration policy is a direct result of 911. History will judge whether our policy was the correct one. In my opinion, history is going to be very critical of those that punished everyone for the act of 19 terrorists. We will not be around when our history is taught. I would like to think that our actions today would soften the written words of tomorrow.

Sincerely,

Ralph

# EXHIBIT D



| | |
|---|---|
| **Subject:** | MARIBEL ARLLANO A#073 693 759 |
| **From:** | Arturo Rodriguez (arturorodrigueziii13@yahoo.com) |
| **To:** | PAUL.HUNKER@DHS.GOV; |
| **Date:** | Wednesday, October 26, 2011 10:29 AM |

Dear Mr. Hunker,

I am writing with regard to a recent conversation that I had with Kelei Walker. I very recently got involved in the Maribel Arellano case. On October 14, 2011 I faxed Mx. Walker a signed G-28 and we discussed the case. I told Ms. Walker that I was very concerned about the fact thar Maribel was wearing an ankle bracelet given the fact that she was not a flight risk and did not have a criminal record. Ms. Walker replied that Maribel was being non complint because she had not gotten passports for her children and did not have a plan for departure. Ms. Walker stated that if Maribel was being more cooperative and got the children passports and submitted a plan of dearture there was a possibility that the ankle bracelet would be removed. This surprised and angered me as a attorney because it was my understanding that ankle bracelets were for keeping track of locations and not to be used as punishment.

The Maribel Arellano case not only smacks of punishment but it smacks of cruel and unusual punishment. Maribel is suffering severe psychological consequences as a result of having to wear an ankle bracelet. She is very ashamed of this situation. Maribel has put off going to the gynecologist because she thinks that the doctor will think that she is a criminal becasue of the bracelet. Maribel asked to have the bracelet removed temporarily so that she could take her children swimming and this request was turned down. This adversely affected Maribel very much.

Ms. Walker also said that it was ICE policy that everyone who has a final order of deporttion has to wear an ankle bracelet. This is simply not the case. I know that there are cases where individuals who have criminal records and are not required to wear the ankle bracelets.

Ms. Walker also said that ICE always had a place on the bus and could use it to deport Maribel at any time. Again this smacks of ICE deporting Maribel because we are trying to help her exdercise her legal rights. Maribel has 7 USC children and needs to be in the U.S. taking care of her children. Ms. Walker also said in our conversation that Maribel could move her family to the border and the children could go back and forth to visit her. It is not ICE's place to make these kinds of decisions. Having these USC children go into Mexico to visit their mother is simply not a realistic solution since the border aree is so violent.

Given the serious nature of this case and the fear we have that Maribel will be immediately deported as punishment for our protecting her rights, the Department of Justice has been notified about this situation and they have expressed an interest in getting involved with this case.

What would you seggest as a resolution of this case. If Maribel's ankle bracelet is not removed we are prepared to file a lawsuit in Federal Court arguing that the ankle bracelet in this case is being used as a cruel and unusual punishment. Contact me so we can discuss this situation.

Very truly yours,

Arturo Rodriguez III

# EXHIBIT E



U.S. Immigration and Customs Enforcement
8101 N. Stemmons Fwy
Dallas, TX 75247



U.S. Immigration
and Customs
Enforcement

# Facsimile Transmission

Date:  11/01/2011

To: Attn: Arturo Rodriguez

Fax:  (214) 948-9300

From: K. Walker

Fax: (214) 424-8753

☒ Urgent   ☒ Action   ☐ Concurrence   ☐ FYI          Number of pages including cover: 2

Comments:

Good morning Arturo,

Per our conversation on October 31, 2011 regarding Maribel Arellano A#073 693 759, I was able to locate the A File this morning.  Upon review, it appears that she was issued an Order of Release on Recognizance (OREC) as she was pre order upon her release from ICE custody (I have included a copy for your review). I would like to schedule an appointment with her in order to serve the appropriate Order of Supervision (OSUP) paperwork in conjunction with her case status.  If you would please contact me at your earliest convenience I would greatly appreciate it.

Thank you,

K. Walker #D07934
Immigration Enforcement Agent
Alternative to Detention
Dallas Field Office
Office: (214) 424-7952
Fax:   (214) 424-8753
Kelei.walker@dhs.gov

RE: 073 693 759

U.S. Department of Homeland Security



rder of Release on Recognizance

File No: A073 693 759
Date: June 9, 2008
Event No: DAL0806000224

Name: Maribel ARELLANO Jaimes

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in (writing) (person) to   NATALIE ALVARADO  DEPORTATION OFFICER
                                             ( Name and Title of Case Officer)
at  8101 N Stemmons Fwy, Dallas, Texas 75247.            on      July 7, 2008        at  08:00 AM
          (Location of DHS Office)                          (Day of each week or month)        (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the immigration officer listed above.
☒ You must not violate any local, State, or Federal laws or ordinances.
☒ You must assist the Department of Homeland Security in obtaining any necessary travel documents.
☐ Other: _____

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

> **NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

_____
(Signature of DHS Official)

~~MICHAEL BUSH~~ DANIEL MUÑOZ
SDDO
_____
(Printed Name and Title of Official)

## Alien's Acknowledgment of Conditions of Release on Recognizance

I hereby acknowledge that I have (read) (had interpreted and explained to me in the __Spanish__ language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

GERALD HUTT_____          Maribel Arellano          6/9/08
(Signature of Immigration Officer Serving Order)     (Signature of Alien)         (Date)

## Cancellation of Order

I hereby cancel this order of release because:  ☐  The alien failed to comply with the conditions of release.
☐  The alien was taken into custody for removal. _____

_____
(Signature of Immigration Officer Canceling Order)                    (Date)

Form I-220A (Rev. 08/01/07)

# EXHIBIT F



**U.S. Immigration and Customs Enforcement**

U.S. Department of Homeland Security
Enforcement and Removal Operations
Dallas Field Office
8101 N. Stemmons Fwy
Dallas, TX 75247

# Order of Supervision

File No: __A 073 693 759__

Date: November 1, 2011

Name: __ARELLANO Jaimes, Maribel__

on __11/16/2009__ , you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to July 19, 2003.
☒ Removed pursuant to proceedings commenced on or after July 19, 2003.

Because this Agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of this Agency, for identification and for deportation or removal.

☒ That upon request of this Agency, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as this Agency considers appropriate.

☒ That you do not travel outside _____Texas_____ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Agency office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the __as instructed__ to this Service office at 7929 Brookriver, Suite # 620, Dallas, Texas 75247 unless you are granted written permission to report on another date.

☒ That you assist the Immigration and Customs Enforcement in obtaining any necessary travel documents.

☒ Other: **Your release is contingent upon your enrollment and successful participation in an Alternative to Detention (ATD) program as designated by the Department of Homeland Security. Electronic monitoring is a requirement and a curfew may be imposed. Failure to comply with the conditions of your release or the requirements of the ATD program may result in a redetermination of your release conditions or your arrest and detention.**

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of DHS official)

__Nuria T. Prendes, Field Office Director__
(Print name and title of DHS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have read the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_K. Waller # D07934_        _x Maribel Arellano_          November 1, 2011
(Signature of DHS official serving order)        (Signature of alien)          Date

Form I-220B(Rev. 4/1/97)N

Department of Homeland Security
Immigration and Customs Enforcement

Continuation Page for Form:   **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| **ARELLANO Jaimes, Maribel** | A 073 693 759 | **November 1, 2011** |

*Maribel Arellano*
*Alien's Signature*

**Alien's Address**

1601 Senter Road

Irving, TX  75060

(972) 253-2618

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| 11/3/11 | ATD/KW | - Report telephonically as instructed. Report to Duty Officer @ ISAP Office on 4/4/2012 |
| | | - File I-246 by 11/30/11 or be reenrolled in ATD Fullservice. |

| Signature | Title |
|---|---|
| *Ku Weller* | IEA |

Department of Homeland Security

Immigration and Customs Enforcement                    **Order of Supervision-Addendum**

File No:__ A 073 693 759
Date: November 1, 2011

Name:___ARELLANO Jaimes, Maribel_____

☒ **That you do not associate with known gang members, criminal associates, or be associated with any such activity.**

☐ **That you register in a substance abuse program within 14 days and provide the DHS with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.**

☐ **That you register in a sexual deviancy counseling program within 14 days and provide the DHS with written proof of such within 30 days. You must provide the DHS with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.**

☐ **That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide the DHS with written proof of such within 10 days.**

☒ **That you do not commit any crimes while on this Order of Supervision.**

☐ **That you report to any parole or probation officer as required within 5 business days and provide the DHS with written verification of the officer's name, address, telephone number, and reporting requirements.**

☒ **That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.**

☒ **That you provide the DHS with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.**

☒ **That you provide the DHS with written responses from the Embassy or Consulate regarding your request.**

☒ **Any violation of the above conditions may result in revocation of your employment authorization document.**

☒ **Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.**

☒ **Other. Your release is contingent upon your enrollment and successful participation in an Alternative to Detention (ATD) program as designated by the Department of Homeland Security. Electronic monitoring is a requirement and a curfew may be imposed. Failure to comply with the conditions of your release or the requirements of the ATD program may result in a redetermination of your release conditions or your arrest and detention.**

X   *Maribel Arellano*          11/3/11

*"No children under the age of 18 years may accompany you unless they also have an appointment or are required to report.  However, you may be accompanied by either your attorney, authorized representative or an adult interpreter (an attorney may be accompanied by an interpreter if needed)."*

*"Ningunos niños menores de 18 años pueden acompañarle al menos que ellos también tengan una cita o ellos necesiten reportarse. Sin embargo, Usted puede ser acompañado por su abogado, representante autorizado o un intérprete adulto (un abogado puede ser acompañado por un intérprete si es necesario)."*

X Maribel Arellano                    11/3/11

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff *DALLAS CO. TX*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant *DALLAS CO. TX*
(IN U.S. PLAINTIFF CASES ONLY)

IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
BY _____
NOV - 7 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
*ARTURO RODRIGUEZ III*
*DALLAS TX 75208 900 S. 2ND BLVD # INK*

Attorneys (If Known)

## 3 - 11 C V 3 0 5 8 - P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

*DUE PROCESS VIOLATION CRUEL + UNUSUAL PUNISHMENT*

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

*INCARCERATED WITHOUT DUE PROCESS*

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*FOURTH AMENDMENT + EIGHTH AMENDMENT*
Brief description of cause:
*ANKLE BRACELET CRUEL + UNUSUAL PUNISHMENT*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ *INJUNCTIVE + DECLARATORY RELIEF*
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
*N.A.*

JUDGE _____

DOCKET NUMBER _____

DATE *11-7-11*

SIGNATURE OF ATTORNEY OF RECORD *Arturo R. III*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____